

09-CV-05560-CMP

FILED ___ LODGED
___ RECEIVED
SEP 21 2009
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | | |
|---|---|---|
| MILDRED C. FREESTON; | ) | CIVIL ACTION |
| SHIRSHA SUMERU; | ) | No. 09-5560 BHS |
| 8918 108TH STREET SOUTH WEST; | ) | |
| LAKEWOOD, WASHINGTON 98498; | ) | |
| Plaintiffs | ) | FIRST AMENDED COMPLAINT |
| Vs | ) | |
| BISHOP, WHITE & MARSHALL, P.S.; | ) | |
| William L. Bishop, Jr. dba WILLIAM L. BISHOP, Jr.; | ) | |
| Krista L. White   dba  KRISTA L.WHITE; | ) | |
| Ann T. Marshall   dba  ANN T. MARSHALL; | ) | |
| Daniel Hembree  dba DANIEL HEMBREE | ) | |
| Annette Cook     dba  ANNETTE COOK; | ) | |
| 720 OLIVE WAY, SUITE 1301; | ) | |
| SEATTLE, WA 98101-1834; | ) | |
| | ) | |
| CHEVY CHASE BANK FSB; | ) | |
| 7501 WISCONSIN AVENUE; | ) | |
| BETHESDA, MD 20814; | ) | |
| | ) | |
| FANNIE MAE; | ) | |
| 3900 WISCONSIN AVENUE; | ) | |
| WASHINGTON, DC 20016; | ) | |
| Defendants | ) | |
| Additional Defendants | ) | |
| PIERCE COUNTY, STATE OF WASHINGTON | ) | |
| PIERCE COUNTY SUPERIOR COURT | ) | |
| Robyn A Lindsay dba ROBYN A LINDSAY,Commissioner) | | |

Page 1 of 6

| | |
|---|---|
| Bryan E Chushcoff dba BRYAN E CHUSHCOFF, Judge | ) |
| 930 Tacoma Avenue S | ) |
| Tacoma, WA 98402 | ) |
| PIERCE COUNTY SHERIFF DEPARTMENT | ) |
| Paul A Pastor dba PAUL A PASTOR | ) |
| County – City Building | ) |
| 930 Tacoma Avenue South, Suite 303 | ) |
| Tacoma, WA 98402 | ) |

**FIRST AMENDED COMPLAINT**

1. Plaintiffs amends complaint filed September 14, 2009, Case No. 09-2-08170-6 pursuant to Rule 15 Federal Rules of Civil Procedure.

2. Plaintiffs restates and realleges as fully incorporated at this point, original complaint.

**FIRST COMPLAINT: AMENDMENT**

3. On September 15, 2009, defendants PIERCE COUNTY, STATE OF WASHINGTON; PIERCE COUNTY SUPERIOR COURT, PIERCE COUNTY SHERIFFS DEPARTMENT; Robyn A Lindsay dba ROBYN A LINDSAY, Commissioner, and Bryan E Chushcoff dba BRYAN E CHUSCHCOFF, Judge of Pierce County Superior Court negligently processed Writ of possession September 15, 2009 in favor of FANNIE MAE through trustee BISHOP, WHITE & MARSHALL P.S. as represented by Annette Cook prior named defendant, when each in conspiracy to cover up Fraud from the beginning of original mortgage issue between Plaintiff Freeston and CHEVY CHASE FBS.  Exhibit 1, Pierce County Recorder Office shows Title held in name of Pacific Federal Trust.  Exhibit 2 the note in questions shows stamp "Pay to the order of _____ without recourse to Chevy Chase Bank FSB as signed by Darlene K. Opalski, Assistant Vice President", a negotiable instrument, a cash deposit to the bank, proof of payment in the original foreclosure.  Both exhibits are of record in the Pierce County Case which defendants hold in due course.

4. Plaintiffs presented defenses of fraud nunc pro tunc as provided by Washington State law 7/13,09: Commissioner Marshall ordered Defendant's attorney Annette Cook to present federal law regarding this issue, which Cook failed to do at the September 15, 2009 hearing. Plaintiff stated on record under sworn testimony at both September 15, 2009 and July 13, 2009 hearings were charges of fraud by both CHEVY CHASE BANK FSB and BISHOP, WHITE & MARSHALL P.S.

5. On September 15, 2009 Commissioner Robyn A Lindsay refused to acknowledge sworn testimony by Plaintiff Freeston as well as acknowledge the records supporting claim of fraud which she held in her own hands while issuing orders as Commissioner. Lindsay personally and as Commissioner issued Writ of Possession and Writ of Restitution while refusing to acknowledge Federal Court orders filed in the case showing there was no standing for the CHEVY CHASE BANK FSB, BISHOP, WHITE & MARSHALL P.S., nor FANNIE MAE, to state a claim as all their acts were based on fraud, which was known to Lindsay as Commissioner which facts were presented under oath.

6. Defendant Bryan E Chushcoff dba BRYAN E CHUSHCOFF, Judge of Pierce County Superior Court negligently signed the writ of restitution when he knew and should have known the record of the Case No. 09-2-081700-6 continued proof of fraud, standing Federal Court Orders in the case from beginning.

7. Defendants acted in conspiracy knowing they failed to prevent violation of federal law, in conspiracy, when each negligent act to deny knowledge of records continuing proof of fraud, a denial of federal civil rights to present evidence under process tainted with conspiracy.

8. As a result, the Plaintiffs were physically injured in their health, have lost access to fair courts with full due process for presenting evidence, suffered mental pain, anguish, increased medical expenses, subjected Plaintiffs to involuntary servitude to the legal process under denied federal civil rights.

Therefore, the Plaintiffs demands judgment against Defendants for $25,000,000.00, plus

costs.

SECOND COMPLAINT - AMENDMENT

9. On or about 1889, the State of Washington Constitution; and then later Washington statutes issued open general offer for use of the courts to protect owes property as either plaintiff or defendant with right guaranteed by law to due process with the right to present defenses.

10. On September 15, 2009, Defendants PIERCE COUNTY, PIERCE COUNTY SUPERIOR COURT, agents Robyn A Lindsay, Commissioner and Bryan E. Chushcoff Judge, conspired with Defendants BISHOP, WHITE & MARSHALL P.S. acting as representative and trustee's for Defendants FANNIE MAE (buyer) and CHEVY CHASE BANK FSB (seller) when Defendants joint and severally perfected Writ of Possession on property they knew was not recorded in name of FANNIE MAE.

11. Defendants joint and severally conspired in a manner, they knew would prevent Plaintiffs from presenting the defense of fraud from the beginning when the Court records show CHEVY CHSE BANK FSB took Plaintiff Freeston's note as a cash deposit. Defense of fraud from the beginning running through the only common party to illegal note conversion, to foreclosure, sale and Pierce County Court action, BISHOP, WHITE & MARSHALL P.S. was supported by defendant Lindsay, Commissioner in her denial in allow said defense to be presented, as certified by Judge Chushcoff.

12. Defendants joint and severally failed to act in accord with the promise of The State of Washington to which they are subservient for the providing of professional, honest government, fair courts, the process for the Plaintiffs to present defenses of fraud as shown by the record, which each defendant holds access to, showing that the frauds perpetrated on Plaintiffs.

13. Defendants jointly and severally perpetrate a fraud on the public by failing to perform specifically under duly noticed laws of Washington, and Federal Court orders which when refused is beach as in breach of Public Trust.

Therefore, the Plaintiffs demand,

1. Damages in the sum of $10,000,000.00.
2. Defendants be required to review every foreclosure action for the last twenty (20) years for evidence of the Note being treated as a cash item by the so called lender / banks.

THIRD COMPLAINT: AMENDMENT

14. The original note issued by Plaintiff Mildred C. Freeston on or about July 25, 2007 in favor of CHEVY CHASE BANK FSB as lender was stamped "Pay to the order of _____CHEVY CHASE BANK FSB" as signed by "Darlene K. Opalski, Vice President" which converted the note as a cash deposit for CHEVY CHASE BANK FSB.
15. Conversion of Note, promise to pay is a cash item as taken by CHEVY CHASE BANK FSB means Plaintiffs loan was paid at that time by operation of commerce and laws.
16. CHEVY CHASE BANK FSB appointed Trustee BISHOP, WHITE & MARSHALL P.S. for foreclosure which was sold to FANNIE MAE which appointed BISHOP, WHITE & MARSHALL P.S. as trustee for sale and after, when each had possession of the Plaintiffs cash, each knew this was full payment on the Note when deposited by CHEVY CHASE BANK FSB.
17. Defendants converted own property owed by Plaintiff.
18. Defendants joint and severally converted to the Defendants own use property owned by Plaintiff in a conspiracy involving all defendants.
19. The property is worth $229,500.00.

Therefore the Plaintiffs demand judgment against defendant for $229,500.00 and damages of $668,500.00 and release of claim on Plaintiffs home located at 8918 108th Street South West, Lakewood, Washington 98498.

FOURTH COMPLAINT: AMENDMENT

20. All Defendants have access to all records in PIERCE COUNTY SUPERIOR COURT Case No. 09-2-08170-6 which show fraudulent conversion of property, both the note and the house through sham legal proceedings void of due process.

21. Plaintiffs allege and complain we are held to involuntary servitude through the law or legal process or the threat of same under coercive means.

22. Plaintiffs are beneficiaries of the public trust. Defendants are providers of Public Trust services, the goods of government as paid for by beneficiaries' funds.

Plaintiffs are denied what is owed by Defendants PIERCE COUNTY, PIERCE COUNTY SUPERIOR COURT, COMMISSIONER LINDSAY, JUDGE CHUSHCOFF, BISHOP, WHITE & MARSHALL P. S., ATTORNEY COOK, CHEVY CHASE BANK FSB, FANNIE MAE, as ultimately enforced by Defendant PIERCE COUNTY SHERIFFS DEPARTMENT when each member of that department is sworn to uphold the law, all of it.

Wherefore, the Plaintiffs demand that defendants show the cause for their failure to obey all the laws, all the time, in all instances, and; explain their ignorance of the law they each get paid to know and execute.

Done this 21st day of September, 2009.

Mildred C. Freeston

Shirsha Sumeru

EXHIBITS

1. PIERCE COUNTY RECORDS
   Proof of Property Ownership

2. NOTE July 25 2007
   Proof of Payment

## Pierce County Assessor-Treasurer ePIP

### Search Results                                                                    09/20/2009 12:32 PM

**1 record(s) found for house number 8918 and street 108TH ST SW**

| Parcel | Type | Status | Taxpayer Name | Site Address | Pay Online |
|---|---|---|---|---|---|
| 5343000451 | REAL | Active | PACIFIC FEDERAL TRUST | 8918 108TH ST SW | ⊙ |

I acknowledge and agree to the prohibitions listed in RCW 42.17.260(9) against releasing and/or using lists of individuals for **commercial purposes.** Neither Pierce County nor the Assessor-Treasurer warrants the accuracy, reliability or timeliness of any information in this system, and shall not be held liable for losses caused by using this information. Portions of this information may not be current or accurate. Any person or entity who relies on any information obtained from this system does so at their own risk. *All critical information should be independently verified.*

"Our office works for you, the taxpayer"

**Pierce County Assessor-Treasurer**
**Dale Washam**
2401 South 35th St Room 142
Tacoma, Washington 98409
(253)798-6111 or Fax (253)798-3142
www.piercecountywa.org/atr

Copyright © 2009 Pierce County Washington. All rights reserved.

587073156
MIN 1000153-0587073156-3

10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Charles E. Freeston_ (Seal)
Charles E. Freeston  -Borrower
_by Mildred C. Freeston_
_His Atty In Fact_

_Mildred C. Freeston_ (Seal)
MILDRED C. FREESTON  -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

Pay To The Order Of
Without Recourse To
Chevy Chase Bank, F.S.B.
_Darlene K. Opalski_
Darlene K. Opalski
Assistant Vice President

_____ (Seal)
-Borrower

[Sign Original Only]

VMP®-5N (0207).01
15639889

Page 3 of 3

Form 3200 1/01

5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     15     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.000     % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

VMP ®-5N (0207).01
15639869

Page 2 of 3

Form 3200 1/01
Initials: _CEJ_
by mcJ
His Atty In Fact
mcJ

MIN 1000153-0587073156-3

# NOTE

July 25, 2007                    TACOMA                         Washington
   [Date]                         [City]                          [State]

8918 108th Street South, LAKEWOOD, WA 98498
[Property Address]

1. BORROWER'S PROMISE TO PAY
   In return for a loan that I have received, I promise to pay U.S. $ 229,500.00    (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is Chevy Chase Bank, F.S.B.

I will make all payments under this Note in the form of cash, check or money order.
   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

2. INTEREST
   Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of   6.925   %.
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B)
of this Note.

3. PAYMENTS
   (A) Time and Place of Payments
   I will pay principal and interest by making a payment every month.
   I will make my monthly payment on the   1st   day of each month beginning on   September 1, 2007   . I will
make these payments every month until I have paid all of the principal and interest and any other charges described below that I
may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest
before Principal. If, on   August 1, 2037   , I still owe amounts under this Note, I will pay those amounts in full on
that date, which is called the "Maturity Date."
   I will make my monthly payments at P.O. Box 17000, Baltimore, MD 21203
                                          or at a different place if required by the Note Holder.

   (B) Amount of Monthly Payments
   My monthly payment will be in the amount of U.S. $ 1,515.33

4. BORROWER'S RIGHT TO PREPAY
   I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a
"Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.
   I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my
Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the
Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my
monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
Wolters Kluwer Financial Services
VMP ®-5N (0207).01
Page 1 of 3
15639889

587073156
MIN  1000153-0587073156-3

10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
Charles E. Freeston                    -Borrower
By Mildred C. Freeston
His Atty In Fact

_____ (Seal)
MILDRED C. FREESTON                    -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
Pay To The Order of                    -Borrower
Without Recourse To
Chevy Chase Bank, F.S.B.

Darlene K. Opalski
Assistant Vice President

_____ (Seal)
                                       -Borrower

[Sign Original Only]

VMP ®-5N (0207).01                     Page 3 of 3                          Form 3200 1/01
15639889