# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MILDRED C FREESTON, et al,

    Plaintiff,

v.

BISHOP, WHITE & MARSHALL, P.S., et al,

    Defendants.

CASE NO. C09-5560BHS

ORDER DENYING EMERGENCY MOTION FOR REMOVAL

This matter comes before the Court on Plaintiffs', *pro se*, emergency motion for removal (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

On September 17, 2009, Plaintiffs filed an emergency motion to remove case no. 09-20-08170-6 from Pierce County Superior Court to the United States District Court for the Western District of Washington. The Pierce County Superior Court Commissioner entered a ruling that led to Plaintiffs being ordered out of their home, effective September 21, 2009. Plaintiffs contend their case, now in Pierce County Superior Court, is subject to the disposition of Plaintiffs' case before this Court, case no. 09-5560BHS. It appears from

ORDER - 1

1 Plaintiffs' emergency motion that they are defendants in the matter before the Superior
2 Court.

### A. Removal

Plaintiffs move the Court to remove their pending action in Pierce County Superior Court, apparently an unlawful detainer action. The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the Unitied States for any district . . . where such action is pending."

Here, Plaintiffs do not assert any grounds for a valid removal of their pending state action. Further, it is the Defendant in a state court action that must remove the matter to federal court pursuant to the relevant statutes. In other words, the federal court is without authority to remove state actions to federal court. *See e.g.*, 28 U.S.C. § 1441.

Therefore, because, Plaintiffs have failed to properly effect removal from the State Court, the Court denies Plaintiffs' motion to the extent it is properly brought as a motion to remove.

### B. Temporary Restraining Order

Plaintiffs' emergency motion is more properly treated as a motion for temporary restraining order (TRO). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 374, 172 L. Ed.2d 249 (2008). Because Plaintiffs have not shown these elements to be present, a TRO cannot issue even if the Court possessed the authority to restrain the Pierce County Superior Court.

Here, Plaintiffs essentially ask the Court to restrain the Pierce County Superior Court from proceeding with the Commissioner's order in Plaintiffs' apparent unlawful detainer action. But plaintiffs motion is not properly before the Court. Further, it appears Plaintiffs have not exhausted the state remedies available to them following action by the Commissioner.

Therefore, the Court must deny Plaintiffs' apparent emergency motion for TRO.

**ORDER**

Therefore, it is hereby **ORDERED** that Plaintiffs' emergency motion for removal (Dkt.6) is **DENIED**.

DATED this 22nd day of September, 2009.

BENJAMIN H. SETTLE
United States District Judge