UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MILDRED C. FREESTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BISHOP, WHITE & MARSHALL, P.S., et al., <br><br> Defendants. | CASE NO. C09-5560BHS <br><br> ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiffs' Emergency Motion for a Temporary Restraining Order (Dkt. 12). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 17, 2009, Plaintiffs filed a complaint (Dkt. 2) and an Emergency Motion for Removal of Case from Pierce County Superior Court (Dkt. 6). Plaintiffs assert that the Court has jurisdiction pursuant to 42 U.S.C. § 1983 and "other Federal Statutes . . . ." Dkt. 2, ¶ 1. The majority of Plaintiffs' claims are based on fraud, but one claim asserts a violation of the Federal Truth in Lending Act. *Id*., ¶ 19.

On September 21, 2009, Plaintiff filed a First Amended Complaint. Dkt. 8.

ORDER - 1

| | |
|---|---|
| 1 | On September 22, 2009, the Court denied Plaintiffs' emergency motion for |
| 2 | removal. Dkt. 9. |
| 3 | On October 26, 2009, Defendant Chevy Chase Bank appeared in this matter. Dkt. |
| 4 | 11. |

On September 22, 2009, the Court denied Plaintiffs' emergency motion for removal. Dkt. 9.

On October 26, 2009, Defendant Chevy Chase Bank appeared in this matter. Dkt. 11.

On November 12, 2009, Plaintiffs filed an Emergency Motion/Application for Temporary Restraining Order. Dkt. 12. In support of their motion, Plaintiffs have submitted an eviction notice that states that eviction will occur at 6 AM on November 16, 2009. *Id*., Exh. 1 at 14.

On November 13, 2009, the Court requested a response from Defendant Chevy Chase Bank (Dkt. 13) and Defendant filed a response (Dkt. 14).

## II. FACTUAL BACKGROUND

In the complaint, Plaintiffs allege facts as follows:

> Defendant CHEVY CHASE BANK FSB induced Charles E. Freeston, prior to his death, and, Plaintiff Mildred C. Freeston in to engage a new mortgage by enticement to lower mortgage cost of $300 per month. The mortgage cost were actually $372.00 more than prior. During this time my husband Charles E. Freeston was ill and he died and the CHEVY CHASE BANK FSB agent knew of this situation.
> CHEVY CHASE BANK FSB used predatory tactics, and took advantage of senior citizens. Mildred C. Freeston is 84 years, and Shirsha Sumeru is 65. We had problems with Charles's retirement funds and couldn't make the payments. CHEVY CHASE BANK FSB foreclosed when we couldn't even catch up because the Medicaid - Nursing Home bills were horrendous before Charles's death. CHEVY CHASE BANK FSB engaged BISHOP, WHITE & MARSHALL, P.S. for the foreclosure as trustee.
> The foreclosure proceeded to conclusion. The house was taken over by FANNIE MAE, on April 3, 2009. FANNIE MAE engaged BISHOP, WHITE & MARSHALL, P.S. as trustees for the sale from CHEVY CHASE BANK FSB and auction process.
> BISHOP, WHITE & MARSHALL, P.S. acted for both parties. The seller of a foreclosed home CHEVY CHASE BANK FSB and FANNIE MAE, a U.S. Government instrumentality the buyer.
> ***
> Bishop, White & Marshall, P.S., filed for eviction unlawful detainer and writ of possession. The hearing was on July 13, 2009 Mildred C. Freeston read into the record a statement relating the fraud. Only then did Commissioner James B. Marshall read our defenses as we were authorized to present according to Washington laws governing such matters. Commissioner Marshal ordered a hearing which has been held off. We believe there is a court date before Commissioner Robyn Lindsay September 15, 2009. Commissioner Marshall ordered BISHOP WIllTE &

ORDER - 2

> MARSHALL, PS, attorney Annette Cook to respond by briefing the federal law protecting foreclosures like ours.
> We filed counter complaints to the eviction with submission for record consisting of federal court findings showing MERS had no standing, CHEVY CHASE BANK FSB had no standing to foreclose. The Counter Complaint has never been answered. The Counter Complaint named BISHOP WHITE & MARSHALL, PS, attorney defendants covering up a fraud on a federal instrumentality, FANNIE MAE.

Dkt. 2, ¶¶ 3-10.

With regard to the instant motion, Plaintiffs allege facts as follows:

> Irreparable injury is apparent from the facts. The facts show Plaintiffs will loose possession of the home at 8918 108th St. SW, Lakewood, Washington, 98498 under Defendants refusal to require Federal case law to be given full faith and credit by PIERCE COUNTY SUPERIOR COURTS.
> Defendant parties are not harmed by this Temporary Restraining Order in that Defendants have no change in status from the last one year and four months. Defendants lose nothing at this point other than a few days before hearing is set for permanent Injunctive order holding status quo until this matter is litigated.
> Defendants Annette Cook of [Bishop, White, & Marshall] stated on October 8 that no eviction would take place. Apparent agent for Defendant FANNIE MAE: David Hitchcock stated this would not take place for at least three months. Both these statements In context of Defendant status of parties attacking the Plaintiffs who are 85 and 65 year old ladies with nowhere else to live, who are fighting for their lives to avoid being harmed and damaged by fraudulent bank practices.
> Plaintiffs have been denied honest services by governmental and quasi governmental actors, Defendants, and will be injured and damaged by loss of home by continued acts and omissions Defendants.
> Plaintiffs move the Court to issue Temporary Restraining Order to be issued immediately and that hearing on Permanent Injunction barring eviction under writ of possession fraudulently obtained be set within 8 days.

Dkt. 12, ¶¶ 2-7.

### III. DISCUSSION

Plaintiffs move for a temporary restraining order pursuant to Fed. R. Civ. P. 65. Dkt. 12, ¶ 2. While Plaintiffs have supplied facts regarding irreparable loss, they have failed to provide facts regarding "any efforts made to give notice [to the opposing parties] and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1). While Defendant Chevy Chase Bank has notice of the motion, the record is silent whether any other Defendant has received notice of the motion. Therefore, the Court denies the request for ex parte relief based on this failure to comply with the rules of procedure.

ORDER - 3

Even if the Court were to reach the merits of the motion, Plaintiffs have failed to meet their burdens for preliminary relief. To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 374 (2008).

In this case, Plaintiffs have failed to make a showing as to each of these required elements. The Court agrees with Plaintiffs that there is a likelihood of irreparable harm if the eviction proceeds as planned. Plaintiffs, however, have failed to show that they are likely to succeed on the merits of their federal claims for relief. It is also unclear whether, based on the asserted claims, Plaintiffs would be entitled to injunctive relief instead of damages. Therefore, the Court denies Plaintiffs' request for a temporary restraining order because Plaintiffs have failed to make a showing as to each element of standard for preliminary relief.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Emergency Motion for a Temporary Restraining Order (Dkt. 12) is **DENIED**.

DATED this 13th day of November, 2009.

BENJAMIN H. SETTLE
United States District Judge