UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MILDRED C. FREESTON, et al.,

    Plaintiffs,

v.

BISHOP, WHITE & MARSHALL, P.S., et al.,

    Defendants.

CASE NO. C09-5560BHS

ORDER DENYING PLAINTIFFS' MOTION FOR INJUNCTION

This matter comes before the Court on Plaintiffs' Motion for Injunction (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 17, 2009, Plaintiffs filed a complaint (Dkt. 2) and an Emergency Motion for Removal of Case from Pierce County Superior Court (Dkt. 6). Plaintiffs assert that the Court has jurisdiction pursuant to 42 U.S.C. § 1983 and "other Federal Statutes . . . ." Dkt. 2, ¶ 1. The majority of Plaintiffs' claims are based on fraud, but one claim asserts a violation of the Federal Truth in Lending Act. *Id.*, ¶ 19.

On September 21, 2009, Plaintiff filed a First Amended Complaint. Dkt. 8.

On September 22, 2009, the Court denied Plaintiffs' emergency motion for removal. Dkt. 9.

ORDER - 1

On October 26, 2009, Defendant Chevy Chase Bank appeared in this matter. Dkt. 11.

On November 12, 2009, Plaintiffs filed an Emergency Motion/Application for Temporary Restraining Order. Dkt. 12. In support of their motion, Plaintiffs have submitted an eviction notice that states that eviction will occur at 6 AM on November 16, 2009. *Id.*, Exh. 1 at 14.

On November 13, 2009, the Court requested a response from Defendant Chevy Chase Bank (Dkt. 13), Defendant filed a response (Dkt. 14), and the Court denied Plaintiff's motion because of (1) Plaintiffs' procedural errors and (2) Plaintiffs' failure to meet their burden on the elements of preliminary relief. Dkt. 16.

On November 20, 2009, Plaintiff filed a Motion for Injunction. Dkt. 21. On November 24, 2009, the Court ordered responses from Defendants. Dkt. 25. On December 4, 2009, Defendants Pierce County, Pierce County Superior Court, Robyn Ann Lindsay, Bryan Chushcoff, Pierce County Sheriff Department, and Paul Pastor responded (Dkt. 27); Defendants Fannie Mae, Bishop, White & Marshall, P.S., William L. Bishop, Jr, Krista L. White, Ann T. Marshal, Daniel Hembree, and Annette Cook responded (Dkt. 29); and Defendant Chevy Chase Bank responded (Dkt. 29).

## II. FACTUAL BACKGROUND

In the complaint, Plaintiffs allege facts as follows:

> Defendant CHEVY CHASE BANK FSB induced Charles E. Freeston, prior to his death, and, Plaintiff Mildred C. Freeston in to engage a new mortgage by enticement to lower mortgage cost of $300 per month. The mortgage cost were actually $372.00 more than prior. During this time my husband Charles E. Freeston was ill and he died and the CHEVY CHASE BANK FSB agent knew of this situation.
> CHEVY CHASE BANK FSB used predatory tactics, and took advantage of senior citizens. Mildred C. Freeston is 84 years, and Shirsha Sumeru is 65. We had problems with Charles's retirement funds and couldn't make the payments. CHEVY CHASE BANK FSB foreclosed when we couldn't even catch up because the Medicaid - Nursing Home bills were horrendous before Charles's death. CHEVY CHASE BANK FSB engaged BISHOP, WHITE & MARSHALL, P.S. for the foreclosure as trustee.
> The foreclosure proceeded to conclusion. The house was taken over by FANNIE MAE, on April 3, 2009. FANNIE MAE engaged BISHOP,

ORDER - 2

<blockquote>
WHITE & MARSHALL, P.S. as trustees for the sale from CHEVY CHASE BANK FSB and auction process.

BISHOP, WHITE & MARSHALL, P.S. acted for both parties. The seller of a foreclosed home CHEVY CHASE BANK FSB and FANNIE MAE, a U.S. Government instrumentality the buyer.

***

Bishop, White & Marshall, P.S., filed for eviction unlawful detainer and writ of possession. The hearing was on July 13, 2009 Mildred C. Freeston read into the record a statement relating the fraud. Only then did Commissioner James B. Marshall read our defenses as we were authorized to present according to Washington laws governing such matters. Commissioner Marshal ordered a hearing which has been held off. We believe there is a court date before Commissioner Robyn Lindsay September 15, 2009. Commissioner Marshall ordered BISHOP WHITE & MARSHALL, PS, attorney Annette Cook to respond by briefing the federal law protecting foreclosures like ours.

We filed counter complaints to the eviction with submission for record consisting of federal court findings showing MERS had no standing, CHEVY CHASE BANK FSB had no standing to foreclose. The Counter Complaint has never been answered. The Counter Complaint named BISHOP WHITE & MARSHALL, PS, attorney defendants covering up a fraud on a federal instrumentality, FANNIE MAE.
</blockquote>

Dkt. 2, ¶¶ 3-10.

With regard to the instant motion, Plaintiffs assert various allegations of fraudulent activities and illegal eviction. Dkt. 21 at 2-3. The record, however, reflects that Plaintiffs' fell behind on their mortgage payments, were given notice of a Trustee's Sale, refused to vacate the property, and were given notice of an unlawful detainer action. *See* Dkt 29 at 2-5. Moreover, Defendant Fannie Mae has submitted a Writ of Restitution from Pierce County Superior Court stating that Plaintiffs shall be evicted from the property and that the sheriff shall restore the property to Defendant Fannie Mae. Dkt. 31, Declaration of Annette Cook, Exh. A.

## III. DISCUSSION

Plaintiffs move for preliminary injunction pursuant to Fed. R. Civ. P. 65. While Plaintiffs have supplied facts regarding irreparable loss, they have again failed to meet their burdens for each element of preliminary relief. To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in

ORDER - 3

the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 374 (2008).

In this case, Plaintiffs have failed to make a showing as to each of these required elements. The Court agrees with Plaintiffs that there is a likelihood of irreparable harm if the eviction proceeds as planned. Plaintiffs, however, have failed to show that they are likely to succeed on the merits of their federal claims for relief. Mere allegations of fraud and illegal activities does not warrant a finding that Plaintiffs will likely succeed on the merits. It is also unclear whether, based on the asserted claims, Plaintiffs would be entitled to injunctive relief instead of damages. Therefore, the Court denies Plaintiffs' request for a temporary restraining order because Plaintiffs have failed to make a showing as to each element of standard for preliminary relief.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for Injunction (Dkt. 21) is **DENIED**.

DATED this 22nd day of December, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4