UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MILDRED C. FREESTON, et al.,

          Plaintiffs,

   v.

BISHOP, WHITE & MARSHALL, P.S., et al.,

          Defendants.

CASE NO. C09-5560BHS

ORDER

This matter comes before the Court on a motion to dismiss certain Defendants and numerous motions by Plaintiffs.

## I. PROCEDURAL HISTORY

On September 17, 2009, Plaintiffs filed a complaint (Dkt. 2) and an Emergency Motion for Removal of Case from Pierce County Superior Court (Dkt. 6). Plaintiffs assert that the Court has jurisdiction pursuant to 42 U.S.C. § 1983 and "other Federal Statutes . . . ." Dkt. 2, ¶ 1. The majority of Plaintiffs' claims are based on fraud, but one claim asserts a violation of the Federal Truth in Lending Act. *Id.*, ¶ 19.

On September 21, 2009, Plaintiffs filed a First Amended Complaint. Dkt. 8.

On September 22, 2009, the Court denied Plaintiffs' emergency motion for removal. Dkt. 9.

On October 26, 2009, Defendant Chevy Chase Bank appeared in this matter. Dkt. 11.

ORDER - 1

On November 12, 2009, Plaintiffs filed an Emergency Motion/Application for Temporary Restraining Order. Dkt. 12. In support of their motion, Plaintiffs have submitted an eviction notice that states that eviction will occur at 6 AM on November 16, 2009. *Id*., Exh. 1 at 14.

On November 13, 2009, the Court requested a response from Defendant Chevy Chase Bank (Dkt. 13), Defendant filed a response (Dkt. 14), and the Court denied Plaintiffs' motion because of (1) Plaintiffs' procedural errors and (2) Plaintiffs' failure to meet their burden on the elements of preliminary relief. Dkt. 16.

On November 20, 2009, Plaintiffs filed a Motion for Injunction. Dkt. 21. On November 24, 2009, the Court ordered responses from Defendants. Dkt. 25. On December 4, 2009, Defendants Pierce County, Pierce County Superior Court, Robyn Ann Lindsay, Bryan Chushcoff, Pierce County Sheriff Department, and Paul Pastor responded and included a motion to dismiss (Dkt. 27); Defendants Fannie Mae, Bishop, White & Marshall, P.S., William L. Bishop, Jr, Krista L. White, Ann T. Marshal, Daniel Hembree, and Annette Cook responded (Dkt. 29); and Defendant Chevy Chase Bank responded (Dkt. 29).

On December 22, 2009, the Court denied Plaintiffs' Motion for Injunction. Dkt. 45.

On December 23, 2009, Plaintiffs filed a Motion for Taansen Fairmont Sumeru to Act (Dkt. 39), a Motion to Strike Bishop, White & Marshall Filings With Prejudice and Default Order (Dkt. 41), and a Motion to Strike Pierce County Filings With Prejudice and Default Order (Dkt. 42).

On Januaury 12, 2009, Plaintiffs filed a Notice of Appeal (Dkt. 48) and a Motion to Waive Fee (Dkt. 49).

**II. FACTUAL BACKGROUND**

In the complaint, Plaintiffs allege facts as follows:

> Defendant CHEVY CHASE BANK FSB induced Charles E. Freeston, prior to his death, and, Plaintiff Mildred C. Freeston in to engage

|   |   |
|---|---|
| 1 | a new mortgage by enticement to lower mortgage cost of $300 per month. The mortgage cost were actually $372.00 more than prior. During this time |
| 2 | my husband Charles E. Freeston was ill and he died and the CHEVY CHASE BANK FSB agent knew of this situation. |
| 3 | CHEVY CHASE BANK FSB used predatory tactics, and took advantage of senior citizens. Mildred C. Freeston is 84 years, and Shirsha |
| 4 | Sumeru is 65. We had problems with Charles's retirement funds and couldn't make the payments. CHEVY CHASE BANK FSB foreclosed |
| 5 | when we couldn't even catch up because the Medicaid - Nursing Home bills were horrendous before Charles's death. CHEVY CHASE BANK FSB |
| 6 | engaged BISHOP, WHITE & MARSHALL, P.S. for the foreclosure as trustee. |
| 7 | The foreclosure proceeded to conclusion. The house was taken over by FANNIE MAE, on April 3, 2009. FANNIE MAE engaged BISHOP, |
| 8 | WHITE & MARSHALL, P.S. as trustees for the sale from CHEVY CHASE BANK FSB and auction process. |
| 9 | BISHOP, WHITE & MARSHALL, P.S. acted for both parties. The seller of a foreclosed home CHEVY CHASE BANK FSB and FANNIE |
| 10 | MAE, a U.S. Government instrumentality the buyer. |

***

|   |   |
|---|---|
| 11 | Bishop, White & Marshall, P.S., filed for eviction unlawful detainer and writ of possession. The hearing was on July 13, 2009 Mildred C. |
| 12 | Freeston read into the record a statement relating the fraud. Only then did Commissioner James B. Marshall read our defenses as we were authorized |
| 13 | to present according to Washington laws governing such matters. Commissioner Marshal ordered a hearing which has been held off. We |
| 14 | believe there is a court date before Commissioner Robyn Lindsay September 15, 2009. Commissioner Marshall ordered BISHOP WHITE & |
| 15 | MARSHALL, PS, attorney Annette Cook to respond by briefing the federal law protecting foreclosures like ours. |
| 16 | We filed counter complaints to the eviction with submission for record consisting of federal court findings showing MERS had no standing, |
| 17 | CHEVY CHASE BANK FSB had no standing to foreclose. The Counter Complaint has never been answered. The Counter Complaint named |
| 18 | BISHOP WHITE & MARSHALL, PS, attorney defendants covering up a fraud on a federal instrumentality, FANNIE MAE. |

Dkt. 2, ¶¶ 3-10.

The record reflects that Plaintiffs fell behind on their mortgage payments, were given notice of a Trustee's Sale, refused to vacate the property, and were given notice of an unlawful detainer action. *See* Dkt. 29 at 2-5. Moreover, Defendant Fannie Mae has filed a Writ of Restitution from Pierce County Superior Court stating that Plaintiffs shall be evicted from the property and that the sheriff shall restore the property to Defendant Fannie Mae. Dkt. 31, Declaration of Annette Cook, Exh. A.

ORDER - 3

### III. DISCUSSION

**A.     Motion to Dismiss**

Defendants Pierce County, Pierce County Superior Court, Robyn Ann Lindsay, Bryan Chushcoff, Pierce County Sheriff Department, and Paul Pastor move to dismiss Plaintiffs' claim against them. Dkt. 27. In the complaint, Plaintiffs claim that all named Pierce County Defendants "negligently processed Writ of Possession" and that Commissioner Lindsay and Judge Chushcoff "conspired" with the named non-Pierce County Defendants to commit "fraud." Dkt. 8, ¶¶ 3-13. Defendants argue that the Court is without subject matter jurisdiction to hear these claims because they do not confer original jurisdiction under 28 U.S.C. § 1331. Dkt. 27 at 3. The Court agrees.

Accordingly, the Court grants the motion and Plaintiffs' claims against Defendants Pierce County, Pierce County Superior Court, Robyn Ann Lindsay, Bryan Chushcoff, Pierce County Sheriff Department, and Paul Pastor are dismissed.

**B.     Plaintiffs' Motion to Act and Motion for Joinder**

Although titled as a Motion to Act, Plaintiffs are actually seeking leave to amend their complaint to add Taansen Fairmount Sumeru as a Plaintiff. Dkt. 39. Plaintiff Mildred Freeston claims that she is "not competent in legal matters at all times and need[s] assistance." *Id.*, ¶ 3. Although leave to amend should be freely given, Fed. R. Civ. P. 15, a party should not be added to an action because the existing plaintiff is having difficulty proceeding pro se. Therefore, the Court denies Plaintiffs' Motion to Act.

Plaintiffs' Motion for Joinder requests the same relief, joinder of Mr. Sumeru, but on the basis that he lives at, and is an heir to, the property in question. Dkt. 38, ¶¶ 6 and 8. Neither of these is a sufficient reason for Mr. Sumeru to be added as a plaintiff in this action. While Mr. Sumeru could possibly be a heir to the property in question at some future time, his allegation is completely hypothetical at this time. Therefore, the Court denies Plaintiffs' Motion for Joinder.

## C. Plaintiffs' Motions to Strike and Enter Default Judgment

Plaintiffs move to strike Defendants Pierce County, Pierce County Superior Court, Robyn Ann Lindsay, Bryan Chushcoff, Pierce County Sheriff Department, and Paul Pastor's pleadings and request that the Court enter default judgment in the amount of ten million dollars. Dkt. 42. These Defendants have been dismissed and therefore this motion is denied as moot.

Plaintiffs also move to strike Defendants Fannie Mae, Bishop, White & Marshall, P.S., William L. Bishop, Jr., Krista L. White, Ann T. Marshal, Daniel Hembree, and Annette Cook's pleadings and request that the Court enter default judgment in the amount of twenty-five million dollars. Dkt. 41. Plaintiffs have failed to provide an adequate reason to strike these pleadings. Moreover, Plaintiffs have failed to establish that entry of default is appropriate under Fed. R. Civ. P. 54. Therefore, the Court denies this motion.

## D. Plaintiffs' Motion to Waive Fee

Plaintiffs have appealed the Court's denial of their motion for a preliminary injunction and request that the Court waive the filing fee for the appeal. Dkt. 49. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Although Plaintiffs briefly allege lending violations in their complaint, their motion for an injunction sought the stay of a state unlawful detainer action. The Court held that Plaintiffs had failed to establish every required element for the extraordinary relief requested, namely a federal court staying a state court action for unlawful detainer. Plaintiffs' conclusory claim that this order "needs to be reviewed by appellate judges" does not show that the appeal is in good faith. Therefore, the Court denies Plaintiffs' motion to appeal in forma pauperis.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Dkt. 27) is GRANTED and Plaintiffs' claims against Defendants Pierce County, Pierce County Superior Court,

Robyn Ann Lindsay, Bryan Chushcoff, Pierce County Sheriff Department, and Paul Pastor are **DISMISSED**; Plaintiffs' Motion for Taansen Fairmont Sumeru to Act (Dkt. 39) and Motion for Joinder (Dkt. 38) are **DENIED**; Plaintiffs' Motion to Strike Bishop, White & Marshall Filings With Prejudice and Default Order (Dkt. 41) and a Motion to Strike Pierce County Filings With Prejudice and Default Order (Dkt. 42) are **DENIED**; and Plaintiffs' Motion to Waive Filing Fee for Appeal (Dkt. 49) is **DENIED**.

DATED this 1st day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6