UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MILDRED C. FREESTON, et al.,<br><br>     Plaintiffs,<br><br>   v.<br><br>BISHOP, WHITE & MARSHALL, P.S., et al.,<br><br>     Defendants. | CASE NO. C09-5560BHS<br><br>ORDER GRANTING DEFENDANTS BISHOP, WHITE & MARSHALL, P.S., WILLIAM L. BISHOP, JR., KRISTA L. WHITE, ANN T. MARSHALL, DANIEL HEMBREE, ANNETTE COOK, CHEVY CHASE BANK, AND FANNIE MAE JOINT MOTION TO DISMISS |

This matter comes before the Court on Defendants Bishop, White & Marshall, P.S., William L. Bishop, Jr., Krista L. White, Ann T. Marshall, Daniel Hembree, Annette Cook, Chevy Chase Bank, and Fannie Mae's ("Defendants") Joint Motion to Dismiss (Dkt. 61). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 17, 2009, Plaintiffs filed a complaint (Dkt. 2) and an Emergency Motion for Removal of Case from Pierce County Superior Court (Dkt. 6). Plaintiffs assert that the Court has jurisdiction pursuant to 42 U.S.C. § 1983 and "other Federal Statutes . . . ." Dkt. 2, ¶ 1. The majority of Plaintiffs' claims are based on fraud, but one claim asserts a violation of the Federal Truth in Lending Act. *Id.*, ¶ 19.

ORDER - 1

1   On September 21, 2009, Plaintiffs filed a First Amended Complaint.  Dkt. 8.

2   On September 22, 2009, the Court denied Plaintiffs' emergency motion for
3   removal.  Dkt. 9.

4   On October 26, 2009, Defendant Chevy Chase Bank appeared in this matter.  Dkt.
5   11.

6   On November 12, 2009, Plaintiffs filed an Emergency Motion/Application for
7   Temporary Restraining Order.  Dkt. 12.  On November 13, 2009, the Court requested a
8   response from Defendant Chevy Chase Bank (Dkt. 13), Defendant filed a response (Dkt.
9   14), and the Court denied Plaintiffs' motion because of (1) Plaintiffs' procedural errors
10  and (2) Plaintiffs' failure to meet their burden on the elements of preliminary relief.  Dkt.
11  16.

12  On November 20, 2009, Plaintiffs filed a Motion for Injunction.  Dkt. 21.  On
13  November 24, 2009, the Court ordered responses from Defendants.  Dkt. 25.  On
14  December 4, 2009, Defendants Pierce County, Pierce County Superior Court, Robyn Ann
15  Lindsay, Bryan Chushcoff, Pierce County Sheriff Department, and Paul Pastor responded
16  and included a motion to dismiss (Dkt. 27); Defendants Fannie Mae, Bishop, White &
17  Marshall, P.S., William L. Bishop, Jr, Krista L. White, Ann T. Marshal, Daniel Hembree,
18  and Annette Cook responded (Dkt. 29); and Defendant Chevy Chase Bank responded
19  (Dkt. 29).

20  On December 22, 2009, the Court denied Plaintiffs' Motion for Injunction.  Dkt.
21  45.  On February 1, 2010, the Court granted the motion to dismiss Defendants Pierce
22  County, Pierce County Superior Court, Robyn Ann Lindsay, Bryan Chushcoff, Pierce
23  County Sheriff Department, and Paul Pastor.  Dkt. 57.

24  On February 4, 2010, Defendants filed a Joint Motion to Dismiss.  Dkt. 61.  On
25  March 8, 2010, Plaintiffs responded and included a Motion for Summary Judgment.  Dkt.
26  67.  On March 12, 2010, Defendants replied to their joint motion.  Dkt. 77.

## II. FACTUAL BACKGROUND

On July 25, 2007, Plaintiff Mildred C. Freeston and Charles E. Freeston ("Freestons") obtained a loan in the amount of $229,000.00 with Chevy Chase Bank. Amended Complaint, Exh. B. The loan was secured by a Deed of Trust, which was recorded on July 30, 2007, in the mortgage records of Pierce County, Washington, as Auditor's File No. 200707300756 that encumbers the property commonly known as 8918 108th St. S., Lakewood, WA 98498 ("Property"). *Id.*

In 2008, the Freestons fell behind in their mortgage payments. A Notice of Default was mailed via first class and certified mail on July 30, 2008, and a notice was also posted on the Property. Dkt. 29-2, Affidavit of Melanie Sattler, Exh. B. On September 4, 2008, a Notice of Trustee's Sale was issued and recorded under Pierce County Recording No. 2008090040069. *Id.*, Exh. E. The notice of sale informed the Freestons that they were in arrears on their mortgage payments and unless they cured the default by November 24, 2008, their home would be sold at a nonjudicial foreclosure Trustee's Sale on December 5, 2008. *Id.* The Notice of Trustee's Sale was (1) mailed via first class and certified mail on September 4, 2008; (2) posted on the Property; and (3) published on November 7, 2008 and November 26, 2008. *Id.*, Exh. F-H.

On April 3, 2009, the Trustee's Sale was held and the Property was sold to Fannie Mae as the successful bidder. *Id.*, Exh A. A Trustee's Deed was issued in favor of Fannie Mae, and the deed was recorded on April 13, 2009, under Pierce County Recording No. 200904130058. *Id.*

Defendants claim that "Plaintiffs refused to vacate the Property, forcing Fannie Mae to file an Unlawful Detainer Action in Pierce County Superior Court under cause number 09-2-08170-6." Dkt. 61 at 4; *see also*, Dkt. 27-2 (certified copies of Pierce County court records). On June 29, 2009, Plaintiffs responded to the unlawful detainer action by filing a complaint entitled "Complaint for Relief from Default/Void Judgment and Emergency Motion for Injunctive Declaratory Relief Under Rule 60(c) and Grant a

ORDER - 3

1 Temporary Restraining Order Until the Material Facts Are Cleared." Dkt. 27-2 at 5.  On
2 June 23, 2009, Fannie Mae filed a Motion and Order to Show Cause. *Id*. at 33.

3 On September 15, 2009, a Pierce County Court Commissioner held a show cause
4 hearing.  After the hearing, the commissioner issued a Judgment for Writ of Restitution,
5 which included findings that Fannie Mae was entitled to possession of the Property as
6 of April 23, 2009, the twentieth day following the Trustee's Sale. *Id*. at 36-39.  The
7 commissioner also found that the Freestons had "waived their claims by failing to restrain
8 the Trustee's Sale as provided in RCW 61.24.130." *Id*., at 37.

9 On November 13, 2009, Plaintiffs filed a Notice of Appeal of the Unlawful
10 Detainer Action in Division Two of the Washington State Court of Appeals in an attempt
11 to vacate the Judgment for Writ of Restitution.  Dkt 18.  The record does not reflect the
12 resolution of this appeal.

## III. DISCUSSION

14 Defendants argue that Plaintiffs have failed to adequately plead a plausible claim
15 and request that the Court dismiss Plaintiffs' lawsuit in its entirety.

16 **A.     Motion to Dismiss Standard**

17 The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires
18 that a complaint contain "a short and plain statement of the claim showing that the pleader
19 is entitled to relief."  This rule "requires more than labels and conclusions, and a
20 formulaic recitation of the elements of a cause of action will not do. Factual allegations
21 must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*
22 *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

23 Material allegations are taken as admitted and the complaint is construed in the
24 plaintiffs' favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  The
25 plaintiffs, however, must allege "enough facts to state a claim to relief that is plausible on
26 its face." *Twombly*, 550 U.S. at 570.  Determining whether the allegations in a complaint
27 are "plausible" is "a context-specific task that requires the reviewing court to draw on its

28

judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (internal citations omitted). A court may also take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment if the facts noticed are not "subject to reasonable dispute." *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

In this case, the Court takes judicial notice of the certified state court records (Dkt. 29-2).

**B.    Plaintiffs' TILA Claim**

Congress created TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . . ." *Hauk v. JP. Morgan Chase Bank USA*, 552 F.3d 114, 118 (9th Cir. 2009). "TILA focuses on disclosure and does not serve as an umbrella statute for consumer protection in real estate transactions." *Id*. at 1120.

In this case, Defendants argue that Chevy Chase Bank was the only Defendant required to make disclosures under TILA. Dkt. 61 at 13. Plaintiffs have not only failed to respond to this argument but have also failed to allege facts that the other Defendants were lenders covered by TILA. Therefore, the Court dismisses Plaintiffs' TILA claim against Defendants Bishop, White & Marshall, P.S., William L. Bishop, Jr., Krista L. White, Ann T. Marshall, Daniel Hembree, Annette Cook, and Fannie May.

With regard to Chevy Chase Bank, it argues that Plaintiffs have failed to state a plausible claim and that Plaintiffs' claims are barred by the applicable statute of limitations. Dkt. 61 at 13-14. The Court agrees that Plaintiffs have made a conclusory allegation that Defendant Chevy Chase violated TILA and the claim lacks sufficient facts to be considered plausible. Moreover, Plaintiffs have brought their action more than one year after the occurrence of any disclosure violation, and the claim is therefore barred by 15 U.S.C. 1640(e). The Court dismisses Plaintiffs' TILA claim against Defendant Chevy Chase Bank.

**C.     Plaintiffs' Civil Rights Claims**

In their original complaint, Plaintiffs allege that jurisdiction is proper under 42 U.S.C. §§ 1983, 1985, and 1986. *See* Complaint, ¶ 2. In order to state a viable claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, Plaintiffs have failed to allege that Defendants committed any constitutional violation while acting under color of state law. Plaintiffs do allege violations of due process and equal protection, but they fail to allege any fact to support those allegations. Moreover, Plaintiffs allege no facts that support a claim that Defendants were acting under color of state law. Therefore, the Court dismisses Plaintiffs' § 1983 claim against Defendants because the claim is not plausible.

With regard to § 1985, a conspiracy claim under § 1985(3) has four elements: (1) a conspiracy, (2) for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) whereby a person is injured in his person or property or deprived of a right or privilege of a citizen. *See United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983). In

addition, the conspiracy must be motivated by some class-based animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

In this case, Plaintiffs have (1) failed to allege sufficient facts to state a plausible claim that Defendants were acting in a conspiracy; (2) failed to allege that they are members of a protected class; and (3) failed to allege that Defendants' efforts to foreclose and/or evict Plaintiffs was based on class-based animus. Therefore, the Court dismisses Plaintiffs' § 1985 claim against Defendants because the claim is not plausible.

With regard to § 1986, a claim under this statute requires a predicate claim under § 1985. *See Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) ("[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985"). This is because a claim under § 1986 provides a remedy against persons who could have prevented, but failed to do so, an act in violation of § 1985. *See* 42 U.S.C. § 1986.

In this case, Plaintiffs have failed to state a plausible § 1986 claim because they have failed to state a plausible § 1985 claim. Therefore, the Court dismisses Plaintiffs' § 1986 claim.

**D.  Plaintiffs' State Law Claims**

Reading both the complaint and the amended complaint in the light most favorable to Plaintiffs, it appears that they allege three causes of action under Washington law: (1) fraud, (2) intentional infliction of emotional distress, and (3) Defendants were obligated to produce the original promissory note. The Court will address all three of these claims.

**1.  Fraud**

In Washington, a party waives the right to postsale remedies where the party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale. *Brown v. Household Realty Corp.*, 146 Wn. App. 157, 163 (citing *Plein v. Lackey*, 149 Wn.2d 214, 227-29 (2003)).

In this case, the state court judicial record shows that Plaintiffs had notice of the right to enjoin the sale and that Plaintiffs failed to bring an action to enjoin the sale. With regard to the remaining element, Plaintiffs have failed to assert any allegation that they did not have actual or constructive notice of a defense to foreclosure prior to the sale. Therefore, the Court dismisses Plaintiffs' fraud claims against Defendants because Plaintiffs waived their right to bring the claim.

Defendants also argue that the fraud claim should be dismissed because Plaintiffs fail to allege sufficient facts to establish the elements of fraud. Dkt. 61 at 16. In pleading fraud, a party must state with particularity the circumstances constituting the alleged fraud. Fed. R. Civ. P. 9(b). In Washington, the nine elements necessary for actionable fraud are well established: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the Plaintiff; (6) Plaintiff's ignorance of its falsity; (7) Plaintiff's reliance on the truth of the representation; (8) Plaintiff's right to rely upon it; and (9) damages suffered by the Plaintiff. *Stiley v. Block*, 130 Wn.2d 486, 504 (1996).

In this case, Plaintiffs have failed to allege facts sufficient to establish a plausible claim for fraud. Plaintiff's allegations are conclusory and in no way rise above the level of speculation. Therefore, the Court also dismisses Plaintiffs' fraud claim based on Plaintiffs' failure to state a plausible claim for relief.

### 2. Intentional Infliction of Emotional Distress

The elements of the tort of intentional infliction of emotional distress, or outrage, are: (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress. *Birklid v. Boeing Co.*, 127 Wn.2d 853, 867 (1995). The conduct in question must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wn.2d 52, 59 (1975).

In this case, Plaintiffs allege that they "were physically injured in their health, have lost access to fair courts with full due process for presenting evidence, suffered mental pain, anguish, increased medical expenses, subjected Plaintiffs to involuntary servitude to the legal process under denied federal civil rights." Amended Complaint at 3. The conduct in question, however, was a nonjudicial foreclosure and an unlawful detainer action. The Court finds that these legal processes are neither "atrocious" nor "utterly intolerable in a civilized community." *Grimsby*, 85 Wn.2d at 59. Therefore, the Court dismisses Plaintiffs' claim for intentional infliction of emotional distress because Plaintiffs have failed to allege facts to establish a plausible claim for relief.

### 3. Promissory Note

Plaintiffs claim that they were entitled to the original promissory note. However, courts "have routinely held that Plaintiff's 'show me the note' argument lacks merit." *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases). The Court finds that Plaintiffs have failed to state a plausible claim for relief based on Defendants' alleged failure to produce the original promissory note. Therefore, the Court dismisses this claim.

### IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendants Bishop, White & Marshall, P.S., William L. Bishop, Jr., Krista L. White, Ann T. Marshall, Daniel Hembree, Annette Cook, Chevy Chase Bank, and Fannie Mae's ("Defendants") Joint Motion to Dismiss (Dkt. 61) is **GRANTED**, and Plaintiffs' complaint and amended complaint are **DISMISSED**.

DATED this 24th day of March, 2010.

BENJAMIN H. SETTLE
United States District Judge